# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff, vs. BARON VONN WATSON, Defendant. | Case No. CR09-1025 ORDER FOR PRETRIAL DETENTION |

On the 22nd day of December, 2009, this matter came on for hearing on the Government's request to have the Defendant detained prior to trial. The Government was represented by Assistant United States Attorney Daniel A. Chatham. The Defendant appeared personally and was represented by his attorney, JoAnne Lilledahl.

## RELEVANT FACTS

On December 16, 2009, Defendant Baron Vonn Watson was charged by Indictment (docket number 2) with two counts of distribution of crack cocaine within 1,000 feet of a park. Defendant entered a plea of not guilty and trial is scheduled before Chief Judge Linda R. Reade on February 16, 2010.

Officer John Pace of the Dubuque Police Department, who is currently assigned to the Dubuque Drug Task Force, testified regarding the circumstances underlying the instant charges. On May 13, 2009, a confidential informant working with the drug task force purchased 9.8 grams of crack cocaine from Defendant at his residence. The phone call setting up the buy was recorded, the confidential informant was searched before and after the purchase, and the transaction itself was recorded. On May 15, 2009, the confidential informant purchased an additional 9.25 grams of crack cocaine under the same circumstances. Defendant's house is located in Dubuque, within 1,000 feet of two parks.

1

According to the pretrial services report, Defendant is 27 years old. He was born and raised in the Chicago area and graduated from high school there in 2000. Defendant earned a football scholarship at Mississippi State University, where he attended for two years. Defendant reported that he tore a ligament in his left knee, however, and did not complete his education.

Prior to his arrest, Defendant was living in Dubuque with his fiancé and their two-month-old child. While Defendant told the pretrial services officer that he and his fiancé had "been together for three years," Defendant also has a one-year-old daughter living in East Dubuque, Illinois, from another relationship. Defendant is not regularly employed, but indicated that he has been doing "odd jobs" for the past four-to-five years.

Defendant told the pretrial services officer that he has smoked marijuana since he was 15 years old. Defendant admitted smoking marijuana on a daily basis until immediately prior to his arrest. Defendant has several arrests for possession of a controlled substance. While the dispositions of some of those charges are unknown, in 2007 Defendant was placed on two years' probation for unlawful possession of a controlled substance in Jo Daviess County, Illinois.

Defendant has been unsuccessful while on probation. A warrant was issued for his arrest in June 2007 following his failure to appear on an unrelated matter. Defendant subsequently failed to appear for office visits with his probation officer on September 7, September 25, and October 15 of that year. On March 31, 2009, Defendant appeared in Jo Daviess County and admitted violating his probation by failing to participate in drug treatment. Disposition was scheduled for June 30, 2009. Prior to the disposition date, Defendant failed to appear for office visits on April 29, May 13, and May 15. When Defendant failed to appear for disposition on June 30, a warrant was issued for his arrest. That warrant remains active and the Court was advised that Illinois is willing to extradite.

## DISCUSSION

The release or detention of a defendant pending trial is governed by the Bail Reform Act of 1984, 18 U.S.C. § 3142. In *United States v. Salerno*, 481 U.S. 739 (1987), the

United States Supreme Court upheld the constitutionality of the Bail Reform Act of 1984, while noting that "[i]n our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." *Id.* at 755.

If the government moves to have a defendant detained prior to trial, the court must undertake a two-step inquiry. *United States v. Friedman*, 837 F.2d 48, 49 (2d Cir. 1988). It must first determine by a preponderance of the evidence whether defendant has been charged with a certain type of offense listed in 18 U.S.C. § 3142(f)(1), or that the defendant presents certain risk factors, as identified in § 3142(f)(2). *Id.* Once this determination has been made, the court then determines whether any condition or combination of conditions will reasonably assure the defendant's appearance at trial and the safety of the community. *Id.*

In seven enumerated circumstances, a judicial officer must hold a hearing to determine whether any release condition or combination of release conditions will reasonably assure the appearance of defendant as required and the safety of the community. 18 U.S.C. § 3142(f). The first five enumerated circumstances refer to "offense types," such as crimes of violence, serious drug offenses, and felonies involving minor victims. 18 U.S.C. § 3142(f)(1). The last two enumerated circumstances where a hearing is required involve "risk factors." 18 U.S.C. § 3142(f)(2). In this case, Defendant is charged with distribution of crack cocaine within 1,000 feet of a park, one of the offenses found in § 3142(f)(1). Also, the Government alleges a serious risk of flight.

If, following a hearing, "the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community," then the judicial officer must order the defendant detained pending the trial. 18 U.S.C. § 3142(e). A finding that no condition or combination of conditions will reasonably assure the safety of the community must be supported by clear and convincing evidence. 18 U.S.C. § 3142(f). A finding that no condition or combination of conditions will reasonably assure the defendant's appearance,

however, must only be established by a preponderance of the evidence. *United States v. Orta*, 760 F.2d 887, 891 (8th Cir. 1985). "Perhaps counter-intuitively, the government's evidentiary burden is lesser to prove a flight risk than to prove risk of harm." *United States v. Kisling*, 334 F.3d 734, 735, n.3 (8th Cir. 2003) (citing *Orta*).

In determining whether any condition of combination of conditions will reasonably assure the defendant's appearance as required and the safety of the community, the Court must take into account the available information concerning (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant, including (a) the defendant's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings, and (b) whether, at the time of the current offense or arrest, the defendant was on probation, parole, or other pretrial release; and (4) the nature and seriousness of the danger to the community that would be posed by the defendant's release. 18 U.S.C. § 3142(g). *See also United States v. Abad*, 350 F.3d 793, 797 (8th Cir. 2003).

Turning to the facts in the instant action, Defendant is charged with two counts of distribution of crack cocaine within 1,000 feet of a park. The weight of the evidence would appear to be strong. The charges arise from two controlled buys by a confidential informant, which were recorded and surveilled. While Defendant has ties to the Dubuque community, he is not employed and has apparently resided part-time in Chicago. Of particular concern to the Court, however, is Defendant's failure to comply with the terms of his probation in Jo Daviess County. Defendant has repeatedly failed to report to his probation officer or appear for court proceedings. Given Defendant's past performance, the Court has no confidence that Defendant would comply with any conditions it may impose for his release.

If the Court finds there is probable cause to believe that the person committed an offense for which a maximum term of imprisonment of ten years or more is prescribed by

the Controlled Substances Act, 21 U.S.C. § 801 *et seq.*, then there is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community. The return of an Indictment by a Grand Jury is sufficient to support a finding by the Court that there is probable cause to believe that the Defendant committed the offense identified in the Indictment. *United States v. Payne*, 660 F. Supp. 288, 291 (E.D. Mo. 1987). In a "presumption case," the defendant bears a limited burden of production--not a burden of persuasion--to rebut the presumption by coming forward with evidence he does not pose a danger to the community or a risk of flight. *Abad*, 350 F.3d at 797 (citing *United States v. Mercedes*, 254 F.3d 433, 436 (2d Cir. 2001)). Once the defendant has met his burden of production relating to these two factors, the presumption favoring detention does not disappear entirely, but remains a factor to be considered among those weighed by the court. *Id. See also United States v. Jessup*, 757 F.2d 378, 382-84 (1st Cir. 1985).

Based on the legal standards set forth above, and considering the evidentiary factors found in 18 U.S.C. § 3142(g), the Court finds the Government has met its burden of proving by a preponderance of the evidence that no condition or combination of conditions will reasonably assure the appearance of Defendant as required. The Court further finds by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of the community if Defendant is released. Therefore, pursuant to 18 U.S.C. § 3142(e), the Court concludes that Defendant should be detained prior to trial. Defendant was advised in open court of his right to file a motion with the District Court for revocation or amendment of this Order.

**ORDER**

IT IS THEREFORE ORDERED as follows:

1. The Defendant is committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

2. The Defendant shall be afforded reasonable opportunity for private consultation with counsel.

3. On order of a Court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the Defendant is confined shall deliver the Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

4. The time from the Government's oral motion to detain (December 18, 2009) to the filing of this Ruling (December 22, 2009) shall be excluded in computing the time within which the trial must commence pursuant to the Speedy Trial Act. 18 U.S.C. § 3161(h)(1)(F).

DATED this 22nd day of December, 2009.

_____
JON STUART SCOLES
UNITED STATES MAGISTRATE JUDGE
NORTHERN DISTRICT OF IOWA